**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-04109-NYW

GESICA MACHADO,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,
DAVID VENTURELLA, in his official capacity,
MARKWAYNE MULLIN, in his official capacity, and
TODD BLANCHE, in his official capacity,

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on the Verified Petition for a Writ of Habeas Corpus ("Petition"). [Doc. 1]. Respondents filed a consolidated response, [Doc. 6], and Petitioner has replied, [Doc. 8]. For the reasons set forth in this Order, the Petition is respectfully **GRANTED in part**.

**BACKGROUND**

Petitioner Gesica Machado ("Petitioner" or "Ms. Machado") is a native and citizen of Brazil. [Doc. 1 at ¶ 13]. She entered the United States in 2003 on a B-2 tourism visa[1] and has resided in the country ever since. [*Id.* at ¶ 38]. She has two U.S. citizen children. [*Id.* at ¶ 39]. In March 2026, Ms. Machado was arrested following a domestic violence incident and charged with several misdemeanors. [*Id.* at ¶ 43]. The domestic violence

---

[1] *See* 22 C.F.R. § 41.31.

charge was dismissed. [*Id.*]. The other charges remain pending, although Ms. Machado asserts that her ongoing detention prevents her from accepting an offer of pre-plea diversion that would result in those charges' dismissal. [*Id.* at ¶¶ 43, 45].

In July 2026, U.S. Immigration and Customs Enforcement ("ICE") "placed Petitioner under investigation." [*Id.* at ¶ 47]. According to ICE's Form I-213[2] for Ms. Machado, an administrative warrant for Ms. Machado's arrest was issued on July 9, 2026. [*Id.* at ¶ 48]. A Notice to Appear ("NTA") for immigration proceedings was issued on July 16, 2026. [*Id.* at ¶ 49]. She was arrested that same day and detained under 8 U.S.C. § 1226(a). [*Id.* at ¶¶ 50–51]. On August 12, 2026, Ms. Machado received a custody redetermination hearing where, consistent with agency precedent, the immigration judge ("IJ") placed the burden of proof on Ms. Machado. [*Id.* at ¶ 52]. The IJ denied bond based on dangerousness, evidently finding that Ms. Machado had not met her burden. [*Id.* at ¶ 53]. Ms. Machado remains in detention at ICE's Denver Contract Detention Facility. [*Id.* at ¶ 13].

In her Petition, Ms. Machado brings four claims challenging her detention. First, she argues that her arrest and detention violate 8 U.S.C. § 1226(a) because the Government lacks a valid warrant ("Claim One"). [*Id.* at ¶¶ 55–61]. Second, she argues that her detention violates applicable regulations and warrants relief under the *Accardi* doctrine ("Claim Two"). [*Id.* at ¶¶ 62–67]; *see United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267–68 (1954). Third, she argues that her custody hearing was inadequate under the Due Process Clause of the Fifth Amendment because the

---

[2] A Form I-213 is a "a standard government form that documents biographical and factual information about a deportable or inadmissible alien." *Garcia-Aguilar v. Lynch*, 806 F.3d 671, 673 (1st Cir. 2015).

burden of proof was placed on her ("Claim Three"). [Doc. 1 at ¶¶ 68–72]. Fourth, she asserts that the allocated burden of proof at her custody hearing violates the Immigration and Nationality Act and the Administrative Procedure Act ("Claim Four"). [*Id.* at ¶¶ 73–75]. Ms. Machado seeks immediate release or, alternatively, a new custody hearing where the Government bears the burden of proof. [*Id.* at 18].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

The Court's analysis begins and ends with Claims One and Three. As an initial matter, the Court notes that it is undisputed that Ms. Machado is detained under 8 U.S.C. § 1226(a). [Doc. 1 at ¶ 51; Doc. 6 at 2]; *see also Santillan Quiroz v. Mullin*, 180 F.4th

1226, 1237 (10th Cir. 2026) ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond).").

## I. Claim One: Arrest and Detention Without a Valid Warrant

Starting with Claim One, Ms. Machado asserts that her arrest and detention violate § 1226(a) because the Government lacks a valid warrant. Section 1226(a) authorizes arrest and detention only "[o]n a warrant issued by the Attorney General." § 1226(a)(2)(A); *see also Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) ("[Section 1226(a)] authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest."). The applicable regulations provide that a warrant must be issued "[a]t the time of issuance of the notice to appear, or at any time thereafter" until removal proceedings have completed. 8 C.F.R. § 236.1(b)(1). So, as this Court has explained, "the arrest warrant cannot precede the notice to appear." *Limon Soto v. Valdez*, No. 26-cv-03948-NYW, 2026 WL 2664193, at *3 (D. Colo. Sept. 10, 2026) (quoting *Landaverde Ardon v. Mina*, No. 6:26-cv-313-JSS-LHP, 2026 WL 530199, at *3 (M.D. Fla. Feb. 26, 2026)) (collecting cases). An arrest warrant issued *before* the NTA is thus invalid and cannot authorize an arrest and detention under § 1226(a). *See, e.g.*, *id.*; *Martinez-Salamanca v. Baltazar*, No. 26-cv-02410-PAB, 2026 WL 2083209, at *3 (D. Colo. July 20, 2026).

In *Limon Soto*, this Court concluded that a warrant issued the day before the NTA is invalid under 8 C.F.R. § 236.1(b)(1) and provides no authority for detention under § 1226(a). 2026 WL 2664193, at *3. Ms. Machado's warrant was issued seven days before the NTA. [Doc. 1 at ¶ 49]. The Government does not dispute Ms. Machado's

allegations—which are verified by counsel—and makes no effort to defend the validity of the warrant. *See* [Doc. 6]. Because a valid warrant is a "mandatory predicate for commencing detention under § 1226(a)," Ms. Machado's detention violates § 1226(a).[3] *Vo v. Baltazar*, No. 26-cv-02626-NYW, 2026 WL 1998578, at *4 (D. Colo. July 10, 2026) (quotation omitted). The appropriate remedy for such unlawful detention is release. *See id.*; *see also Munaf v. Green*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (internal citation omitted)).

Accordingly, the Petition is respectfully **GRANTED** as to Claim One.

## II. Claim Three: Allocation of Burden of Proof at Custody Hearing

Habeas relief is further warranted based on Claim Three. In that claim, Petitioner contends that Respondents violated her due process rights by placing the burden of proof on her at her custody hearing. [Doc. 1 at ¶¶ 68–79]. This Court recently held, after applying the factors set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976), that procedural due process "requires placing the burden on the Government at Petitioner's § 1226(a) hearing." *Contreras Posada v. Mullin*, No. 26-cv-03765-NYW, 2026 WL 2654041, at *2–3 (D. Colo. Sept. 9, 2026). The Court further concluded that the appropriate burden is a clear-and-convincing standard. *Id.*; *see also Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *5 (D. Colo. Feb. 24, 2026) (this Court agreeing with

---

[3] To be sure, Respondents could have justified Ms. Machado's warrantless *arrest* under 8 U.S.C. § 1357(a)(2). But continued *detention* under § 1226(a) expressly requires a warrant, so Ms. Machado's current detention is unlawful regardless of the lawfulness of her arrest. In any event, a warrantless arrest under § 1357(a)(2) requires a "particularized finding of probable cause that the noncitizen is likely to escape." *Limon Soto*, 2026 WL 2664193, at *3. Respondents do not suggest that such probable cause existed for Ms. Machado. [Doc. 6].

cases finding the clear and convincing evidence standard appropriate in bond hearing under § 1226(a)); *cf. Santillan Quiroz*, 180 F.4th at 1249 ("Due process requires that, whenever the Government detains somebody, it must have a good reason for doing so. . . . If the detention is civil and nonpunitive, like the immigration detention here, that reason must rise to the level of a strong special justification." (quotation omitted)).

Accordingly, Ms. Machado suffered an additional constitutional violation when the IJ failed to require the Government to justify her detention by clear and convincing evidence. While the Court ordered an additional bond hearing in *Contreras Posada*, *see* 2026 WL 2654041, at *4, the Court continues to conclude that release is the appropriate remedy where the Government has both failed to obtain a valid warrant and failed provide a constitutionally adequate bond hearing, *see Vo*, 2026 WL 1998578, at *3–4 (granting release where petitioner was detained without a warrant and provided no bond hearing).[4] The Petition is respectfully **GRANTED** as to Claim Three. Because the Court has granted Ms. Machado her requested relief as to Claims One and Three, the Court need not reach her remaining claims. Within **48 hours** of this Order, Respondents **SHALL RELEASE** Ms. Machado from custody. No later than **September 18, 2026**, the Parties shall file a joint status report confirming her release.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Verified Petition for Writ of Habeas Corpus [Doc. 1] is **GRANTED** as to Claims One and Three;

[4] To be clear, the Court takes no position on whether the evidence presented at Ms. Machado's custody hearing could have provided clear and convincing evidence for detention. *See* [Doc. 1 at ¶ 54].

(2) Within **48 hours** of this Order, Respondents **SHALL RELEASE** Petitioner from custody; and

(3) No later than **September 18, 2026,** the Parties shall file a Joint Status Report confirming that Petitioner was released.

DATED: September 11, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge